UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------x
In Re the Matter of the Application of Judgment     09 Civ.
Debtor

ARMADA (SINGAPORE) PTE LTD.

                          Petitioner,

        - against -

LYONS & FLOOD LLP, JP MORGAN CHASE,
NA, Garnishees

                          Respondents.

------------------------------------------------------------x

## MEMORANDUM OF LAW SUBMITTED ON BEHALF OF PETITIONER ARMADA (SINGAPORE) PTE LTD. IN SUPPORT OF ITS PETITION FOR A TURNOVER ORDER

### Preliminary Statement

This memorandum of law is submitted in support of the petition of Armada (Singapore) Pte Ltd. ("Armada") which is commenced under Rule 69(a) of the Federal Rules of Civil Procedure and Section 5225(b) or 5227 of the New York Civil Practice Law and Rules ("CPLR"). The two respondents in this action are garnishees. Petitioner Armada seeks an order directing respondents to turn over all property which they hold of judgment debtor Glory Wealth Shipping Services Ltd. ("Judgment Debtor" or "Glory Wealth") including certain funds in the approximate amount of $1,140,926.17 which Glory Wealth deposited into the trust account of respondent Lyons & Flood LLP at respondent JPMorgan Chase, NA ("Chase").

{NY100679.1 }

Petitioner also seeks an order extending its judgment lien against Judgment Debtor's personal property until a resolution of this action and, if ordered by the Court, payment by respondents or either of them to Armada.

## FACTS

The facts upon which this petition is based are set forth in the petition. Briefly, respondent Lyons & Flood LLP ("Lyons & Flood") is holding in its trust account at JPMorgan Chase property belonging to Judgment Debtor, namely, a sum of approximately $1,140,926.17. Judgment Debtor initially deposited these funds into Lyons & Flood's account at Chase in connection with a suit which it commenced against a non-party in a different action ("Five Ocean Action").

Glory Wealth, a foreign corporation authorized to do business in New York, had commenced the Five Ocean Action as a Supplemental Rule B action in aid of London arbitration against Five Ocean Corporation, Ltd. ("Five Ocean"). It succeeded in attaching Five Ocean's funds and Five Ocean moved for counter-security under Supplemental Rule E. The Court in the Five Ocean Action granted Five Ocean's motion. Judgment Debtor then had the choice of posting counter-security or abandoning its security against Five Ocean. It chose to deposit funds into its attorney's trust account to stand as counter-security.

Judgment Debtor's action against Five Ocean has now been dismissed and on November 23, 2009, judgment was entered vacating the attachment of Five Ocean's funds although the judgment was stayed for 20 days, or until December 14, 2009.

# ARGUMENT

## POINT I

### THE FUNDS IN LYONS & FLOOD'S ACCOUNT AT CHASE SHOULD BE TURNED OVER TO PETITIONER AS JUDGMENT CREDITOR

Section 5225(b) of the CPLR permits a judgment creditor to commence a special proceeding against the person in possession or custody of money or other personal property in which a judgment debtor has an interest. Where it is shown that the judgment debtor is entitled to possession of such property, the Court shall require the person in possession to pay the money or property of the judgment debtor to the judgment creditor to satisfy the judgment. If the amount paid is insufficient to satisfy the judgment, the court may order delivery of any other personal property or so much of it as is sufficient to satisfy the judgment to the sheriff. CPLR §5225(b). Section 5227 of the CPLR permits a similar proceeding where the garnishee owes a debt to the judgment debtor.

Assuming Judgment Debtor's money in its attorney's trust account at Chase is property - which Armada submits that it is - Section 5225(b) applies and the Court should direct respondents to pay over said money to Armada as soon as Five Ocean's funds have been released. At that point, Five Ocean will have no competing interest in the funds and there will be no impediment to payment to Armada. Assuming the funds held in the account are a debt, then CPLR § 5227 applies and the Court likewise may require respondents to pay the funds to Armada to satisfy the Judgment.

# POINT II

### THE COURT ON MOTION MAY EXTEND THE LIEN OF THE WRIT OF EXECUTION AGAINST JUDGMENT DEBTOR, LYONS & FLOOD, AND CHASE UNTIL RESOLUTION OF THIS ACTION AND PAYMENT OF THE FUNDS TO ARMADA

The Court should extend a judgment lien created by service of the writ of execution upon Judgment Debtor and Respondents until resolution of this action and payment of Armada as ordered by the Court. The writ of execution was delivered to the U.S. Marshal who served it upon defendant on July 22, 2009, on Lyons & Flood on July 31, 2009 and on Chase on September 25, 2009. CPLR § 5232(a) provides that the lien will last for 90 days after service or until such further time as directed by the Court on motion. Motion to extend the lien may be made at any time before or after the levy has expired. *Kitson & Kitson v. City of Yonkers*, 10 A.D. 3d 21, 778 N.Y.S. 2d 503 (2d Dept. 2004).

There appears to be a split of authority as to whether the writ of execution may be served successive times versus whether the lien should be extended only by motion. Compare *Kitson & Kitson v. City of Yonkers*, 10 A.D. 3d at 507-508 (levies by service of execution should be extended by motion which may be made at any time and not by repeated service of writ) with *New York State Commissioner of Taxation and Finance v. Bank of New York*, 275 A.D.2d 287, 289, 712 N.Y.S.2d 543 (1st Dept. 2000)(service of second levy may be made after first has expired). Therefore, in order to secure its priority lien pending the Court's resolution of this proceeding, Armada requests an order

extending the lien created by service of writ of execution upon the Judgment Debtor and upon Respondents until resolution of this proceeding and payment to petitioner Armada if ordered by the Court.

## CONCLUSION

For the reasons stated herein, the Court should enter an Order (1) directing respondents or either of them to pay over Judgment Debtor's funds to Petitioner; and (2) extending the lien created by service of the writ of execution upon Judgment Debtor and respondents until the resolution of this action and, if ordered by the Court, payment of Judgment Debtor's property to petitioner.

Dated: New York, New York
December 10, 2009

Respectfully submitted,

HILL, BETTS & NASH LLP
*Attorneys for Petitioner*

By /s/ Mary T. Reilly

Mary T. Reilly
One World Financial Center
200 Liberty Street
26th Floor
New York, New York 10281
(212) 839-7000